[Cite as *State v. Betters*, 2018-Ohio-4079.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-901 |
| | | (C.P.C. No. 16CR-2260) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Sergio D. Betters, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 9, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellee. **Argued:** *Valerie B. Swanson.*

**On brief:** *Todd W. Barstow*, for appellant. **Argued:** *Todd W. Barstow.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Sergio D. Betters, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of aggravated robbery and felonious assault, with firearm specifications. For the following reasons, we affirm in part and reverse in part.

I. Facts and Procedural History

{¶ 2} In April 2016, plaintiff-appellee, State of Ohio, indicted Betters on one count of aggravated burglary in violation of R.C. 2911.11, a first-degree felony; one count of aggravated robbery in violation of R.C. 2911.01, a first-degree felony; one count of felonious assault in violation of R.C. 2903.11, a second-degree felony; and one count of kidnapping in violation of R.C. 2905.01, a first-degree felony. Each of the four counts contained a

firearm specification.  Betters pleaded not guilty on all counts and the matter proceeded to a jury trial in October 2017.  As pertinent to this appeal, the following evidence was adduced at trial.

{¶ 3}  Columbus Police Officer Ryan Fowler testified that, at approximately 4:30 p.m. on April 12, 2016, he was dispatched to 2393 Parkgreen Place, Columbus, Ohio, on the report of a shooting.  When Officer Fowler arrived at the scene, he encountered Adam Chouchane, who had been shot in the torso.  Chouchane told Officer Fowler that two individuals were involved in attacking and shooting him, and that a man named Sergio was the one who shot him.  Chouchane also told Officer Fowler that the attackers had stolen a firearm and approximately $1,000 from him.  The police found a separate firearm on the floor near the doorway of the apartment.

{¶ 4}  Chouchane, the shooting victim, testified as follows.  Chouchane resided at 2393 Parkgreen Place, and was a "small-time drug dealer."  (Tr. Vol. 2 at 114.)  Chouchane is friends with Levander Davis, with whom he would "[p]lay video games, just hang out, [and] smoke weed."  (Tr. Vol. 2 at 92.)  Chouchane knew Betters because he lived in the same neighborhood, and Chouchane would sell marijuana to him.  Sometime between 4:00 and 4:30 p.m., on April 12, 2016, Chouchane was hanging out with Davis when Betters contacted him to set up a marijuana purchase.  Betters and a man unknown to Chouchane arrived at the apartment, and Chouchane let them enter.  Immediately upon entering the apartment, the unidentified man brandished a firearm and pointed it at Davis.  Betters told Chouchane "to give him my stuff, give him my shit."  (Tr. Vol. 2 at 96.)  Chouchane ran into the apartment's kitchen and attempted to pull out his firearm, but Betters physically confronted him to try to stop him from accessing the weapon.  Once Chouchane accessed his firearm, the unidentified man shot him in his torso.  Betters and the shooter then ran from the apartment.  Before leaving the apartment, Betters took marijuana, cash, and the firearm that Chouchane had dropped during the altercation.  Based on their conduct, Chouchane believed that Betters and the shooter "were working together" during the incident.  (Tr. Vol. 2 at 111.)  Chouchane initially told the police that the incident arose from a dispute over shoes.  Chouchane admitted at trial, however, that the incident was not about shoes, and that he lied about this because he did not want to get into trouble for having marijuana.

{¶ 5}   Davis testified as follows.  Davis was familiar with Betters based on his visits to Chouchane's place.  On the day of the shooting, Davis was playing a video game at Chouchane's apartment when Betters arrived to purchase marijuana.  Another man was with Betters when he arrived, and Davis continued to play the video game.  Davis then heard a click and turned to see the unidentified man pointing a firearm at him, directing him "not to move and not to do nothing stupid."  (Tr. Vol. 2 at 150.)  Davis saw Chouchane wrestling with Betters, as Betters was trying to "snatch" something out of his pocket.  (Tr. Vol. 2 at 147.)  Everyone told Chouchane to "let it go," but he did not.  (Tr. Vol. 2 at 152.)  As a result, the unidentified man shot Chouchane and ran out of the apartment.  Betters grabbed something off the ground and followed the shooter.

{¶ 6}   At the conclusion of trial, the jury found Betters not guilty of committing kidnapping, but guilty of committing aggravated robbery and felonious assault, with the attendant firearm specifications.  The jury was unable to reach a verdict on the aggravated burglary charge, and a nolle prosequi was entered as to that count.  The trial court imposed a sentence of three years in prison as to the aggravated robbery count, with an additional three years in prison for the attached firearm specification, and three years in prison as to the felonious assault count, with an additional three years in prison for the attached firearm specification.  The trial court imposed the sentences on the two counts concurrently, and the sentences on the firearm specifications consecutively with each other and the two counts, for a total aggregate prison sentence of nine years.

{¶ 7}   Betters timely appeals.

## II.  Assignments of Error

{¶ 8}   Betters assigns the following errors for our review:

> [1.] The trial court erred and deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article One Section Ten of the Ohio Constitution by finding him guilty of aggravated robbery and felonious assault as those verdicts were not supported by sufficient evidence and were also against the manifest weight of the evidence.
>
> [2.] The trial court committed plain error by improperly instructing the jury.

[3.] The trial court abused its discretion in finding that a prison term was mandatory for the aggravated robbery conviction.

## III. Discussion

### A. First Assignment of Error

{¶ 9}   In Betters' first assignment of error, he alleges his convictions for aggravated robbery and felonious assault were not supported by sufficient evidence and were against the manifest weight of the evidence.

### 1. Sufficiency of the Evidence

{¶ 10}  Whether there is legally sufficient evidence to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Sufficiency is a test of adequacy. *Id.* The relevant inquiry for an appellate court is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Mahone*, 10th Dist. No. 12AP-545, 2014-Ohio-1251, ¶ 38, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, ¶ 37. "[I]n a sufficiency of the evidence review, an appellate court does not engage in a determination of witness credibility; rather it essentially assumes the state's witnesses testified truthfully and determines if that testimony satisfies each element of the crime." *State v. Bankston*, 10th Dist. No. 08AP-668, 2009-Ohio-754, ¶ 4.

{¶ 11} Here, Betters was convicted of one count of aggravated robbery and one count of felonious assault, with attendant firearm specifications. Pursuant to R.C. 2911.01(A), a person is guilty of aggravated robbery if the person in attempting or committing a theft offense, as defined in R.C. 2913.01, or in fleeing immediately after the attempt or offense, either inflicted, or attempted to inflict, serious physical harm on another, or had a deadly weapon on or about the offender's person or under the offender's control and displayed the weapon, brandished it, indicated that the offender possessed it, or used it. R.C. 2911.01(A)(1) and (3). Felonious assault is proscribed by R.C. 2903.11(A), which states that no person shall knowingly cause serious physical harm to another or cause, or attempt to cause, physical harm to another by means of a deadly weapon. Additionally, to prove a gun specification under R.C. 2941.145, the state must show that the defendant had a firearm on or about his person or under his control while committing the charged offense and that he displayed, brandished, or indicated that he possessed the

firearm, or used the firearm to facilitate the offense. Lastly, a person who is complicit with another in the commission of a criminal offense is regarded as guilty as if he personally performed every act constituting the offense. R.C. 2923.03(F).

{¶ 12} Viewed in a light most favorable to the prosecution, sufficient evidence at trial supported Betters' convictions. The testimony of Chouchane and Davis demonstrated that, on April 12, 2016, Betters and an unidentified man entered Chouchane's apartment and held Davis at gunpoint. Soon thereafter, Betters and Chouchane engaged in a struggle, with Betters trying to "snatch" something from Chouchane's pocket. When Chouchane resisted, the unidentified man shot him in the torso. Betters and the shooter then fled the scene, stealing money, marijuana, and a firearm. Thus, we reject Betters' assertion that insufficient evidence supported his convictions.

### 2. Manifest Weight of the Evidence

{¶ 13} When presented with a manifest weight argument, an appellate court engages in a limited weighing of the evidence to determine whether sufficient competent, credible evidence supports the jury's verdict. *State v. Salinas*, 10th Dist. No. 09AP-1201, 2010-Ohio-4738, ¶ 32, citing *Thompkins* at 387. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a ' "thirteenth juror" ' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). Determinations of credibility and weight of the testimony are primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Thus, the jury may take note of the inconsistencies and resolve them accordingly, "believ[ing] all, part, or none of a witness's testimony." *State v. Raver*, 10th Dist. No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67 (1964).

{¶ 14} An appellate court considering a manifest weight challenge "may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Harris*, 10th Dist. No. 13AP-770, 2014-Ohio-2501, ¶ 22, citing *Thompkins* at 387. Appellate courts should reverse a conviction as being against the

manifest weight of the evidence only in the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶ 15} Here, Betters argues his convictions were against the manifest weight of the evidence because the testimony of Chouchane and Davis was not credible. In support, he asserts Chouchane and Davis made statements at trial that contradicted statements they made before trial. According to Betters, these inconsistencies or apparent falsehoods demonstrated these two witnesses lacked any credibility and render his convictions against the manifest weight of the evidence. We disagree.

{¶ 16} Better correctly notes that Chouchane essentially admitted at trial that he lied to police soon after the shooting when he falsely told them the incident arose from a dispute about shoes. Additionally, Davis denied at trial his knowledge regarding Chouchane's dealing of drugs, even though the evidence indicated he likely knew about those dealings. However, the presence of conflicting evidence does not render a verdict against the manifest weight of the evidence because the trier of fact remains free to believe "all, part, or none of a witness's testimony." *Raver* at ¶ 21. Thus, it was within the province of the jury to evaluate the above described inconsistencies or falsehoods and determine their significance as they related to the credibility of Chouchane and Davis and their implication of Betters in the robbery and shooting.

{¶ 17} Because Betters fails to demonstrate that his convictions were not supported by sufficient evidence or were against the manifest weight of the evidence, we overrule his first assignment of error.

### B. Second Assignment of Error

{¶ 18} Betters' second assignment of error alleges the trial court erroneously instructed the jury. He argues the trial court made an improper statement in its oral instructions to the jury regarding the indicted offense of aggravated burglary when it stated: "Adam Chouchane [sic] and/or the defendant had a deadly weapon on or about his person or under his control, and the occupied structure involved was the permanent or temporary habitation of another in which at the time any person was present or likely to be present." (Tr. Vol. 3 at 263.) In the transcript of the proceedings contained in the record, this statement is its own paragraph. Betters asserts that the trial court failed to preserve a

written copy of the instructions given to the jury, and that this quoted statement in effect improperly advised the jury that it was already an accepted fact that Betters had a deadly weapon on his person or under his control during the incident on April 12, 2016. Betters reasons that, while a nolle prosequi was entered as to the aggravated burglary count, this instruction prejudiced him as it related to the jury's resolution of the aggravated robbery and felonious assault counts.

{¶ 19} Betters did not object to the challenged jury instruction. Thus, the plain-error standard of review applies. "To prevail under the plain-error standard, a defendant must show that an error occurred, that it was obvious, and that it affected his substantial rights." *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, ¶ 62, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002) (stating that an error affects substantial rights under Crim.R. 52(B) only if it affects the outcome of the trial); *see State v. Arnold*, 147 Ohio St.3d 138, 2016-Ohio-1595, ¶ 65, citing *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph two of the syllabus (holding that an error does not rise to plain error unless "but for the error, the outcome of the trial clearly would have been otherwise"). We take "[n]otice of plain error * * * with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Long* at 97. Betters cannot demonstrate plain error.

{¶ 20} On May 15, 2018, the record before this court was supplemented with a copy of the written instructions that were provided to the jury. Thus, Betters' concern that the trial court did not preserve a written copy of the instructions is belied by the supplemented record.

{¶ 21} In the written copy of the instructions provided to the jury, the statement at issue was part of a longer, multi-part sentence, not an independent paragraph. This copy states in pertinent part:

> The defendant is charged with Aggravated Burglary in Count One of the indictment.
>
> Before you can find the defendant guilty of Aggravated Burglary, you must find beyond a reasonable doubt that on or about the 12th day of April, 2016, in Franklin County, Ohio, the defendant, by force and/or deception trespassed in an occupied structure when another person other than an accomplice of the defendant was present, with purpose to commit therein any criminal offense, and the defendant inflicted and/or attempted

to inflict and/or threatened to inflict physical harm upon another, Adam Chouchane and/or the defendant had a deadly weapon on or about his person or under his control, and the occupied structure involved was the permanent or temporary habitation of another, in which at the time any person was present or likely to be present.

(Apr. 30, 2018 Jury Instructions at 4.)

{¶ 22} In substance, the written instructions clearly indicated to the jury that, as to the aggravated burglary count, the factual issue of weapon possession was for the jury to decide. Moreover, the written instructions, and the transcript of proceedings, both indicated, in reference to the firearm specifications and the aggravated robbery and felonious assault counts (the counts on which Betters was convicted), that firearm possession was a factual dispute the jury was charged with resolving. Thus, Betters cannot demonstrate prejudice as to this issue.

{¶ 23} Accordingly, we overrule Betters' second assignment of error.

## C. Third Assignment of Error

{¶ 24} In Betters' third assignment of error, he contends the trial court erroneously found that a prison term was mandatory for his aggravated robbery conviction pursuant to R.C. 2929.13(F). The state concedes this error and also notes the trial court also erred in finding that a prison term was mandatory for Betters' felonious assault conviction.

{¶ 25} At the sentencing hearing, the trial court stated, "Revised Code 2929.13 requires a mandatory prison term for the felony of the first degree." (Nov. 20, 2017 Tr. of Sentencing Proceedings at 24.) And the trial court's sentencing entry includes the following statement: "The Court further finds that a prison term is mandatory as to Counts Two, Three, and as to the three (3) year firearm specifications as to Counts Two and Three pursuant to R.C. 2929.13(F)." (Nov. 27, 2017 Jgmt. Entry at 2.) Both parties agree that, under the circumstances found here, prison sentences were not mandatory for Betters' aggravated robbery and felonious assault convictions. Because the record shows the trial court erroneously found Betters' prison sentences were mandatory for his aggravated robbery and felonious assault convictions, this matter will be remanded for resentencing as to those convictions.

{¶ 26} Betters' third assignment of error is sustained.

## IV. Disposition

{¶ 27} Having overruled Betters' first and second assignments of error, and sustained his third assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court for resentencing consistent with the law and this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded for resentencing.*

KLATT and BRUNNER, JJ., concur.